[ No. 1811.   Decided July 10, 1895.]

M. McCARTY, *Appellant,* v. W. S. FLETCHER *et al., Respondents.*

REVIEW ON APPEAL — SUFFICIENCY OF EVIDENCE — VALIDITY OF CHAT-
TEL MORTGAGE.

A finding by the court that certain promissory notes secured by a
chattel mortgage were given without consideration and in fraud of
creditors is warranted by the evidence, when it appears therefrom
that the amount of the notes was $4,050, that the mortgagee had
substantially no property excepting this sum of money, which he
claimed to have saved from his earnings as a waiter in a hotel upon a
small salary, that he had carried it upon his person and had loaned
it to the mortgagor gradually in various amounts without taking
any notes or security prior to the ones in question, and that the
mortgagee had stated his intention of protecting the mortgagor
against the claims of his creditors who were pressing for payment.

*Appeal from Superior Court, Pierce County.*

*W. W. Likens,* for appellant.

*Clise & King* (*Sharpstein & Blattner,* of counsel), for
respondents.

The opinion of the court was delivered by

Scott, J.—Appellant brought this action to foreclose
a chattel mortgage given to him by the defendant
Fletcher to secure two promissory notes aggregating
four thousand and fifty dollars.

Fletcher was engaged in the mercantile business at
Hot Springs in this state, and prior to the giving of
said mortgage had contracted certain indebtedness
to the other respondents in this action. Preced-
ing and at the time the mortgage in question was
given said other parties had been pressing Fletcher
for payment of their claims, and being unsuccessful,

began suits in attachment and levied upon the stock of goods belonging to Fletcher. The attachment levies were made after the mortgage had been executed, but prior to the time it had been filed for record. Said actions proceeded to judgment and the goods were sold under executions issued thereon. Upon the trial of this action, the lower court found in favor of the defendants, excepting Fletcher, who made no defense.

A number of questions have been raised upon this appeal, but we only find it necessary to examine one of them, and that relates to the evidence. One of the findings of fact made by the lower court was that the alleged chattel mortgage and notes given by Fletcher to the appellant were without consideration and were given for the purpose of hindering, delaying and defrauding the creditors of Fletcher, and were therefore fraudulent and void. We think this finding was fully warranted by the evidence introduced. We shall not undertake to set it forth in detail. Appellant claimed that the notes were given to him for money that he had loaned Fletcher at various times prior to the giving of the mortgage. It appeared that appellant was employed as a waiter in a hotel upon a small salary, and it is conceded that he had substantially no property excepting this money, which he claims to have saved from his earnings. As to this, he testified that he had carried it upon his person, and that he had loaned it to Fletcher gradually in various amounts without taking any notes prior to the ones in question, or any security therefor. These facts, taken in connection with his conduct with reference to the property afterwards, and certain statements he made as to his intention of protecting Fletcher against the claims of

the other defendants, were amply sufficient in our opinion to justify the finding above specified, and consequently the judgment is affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.